**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | |
|---|---|
| GENTRY TECHNOLOGY OF S.C., INC. <br><br> Plaintiff, <br><br> v. <br><br> BAPTIST HEALTH SOUTH FLORIDA, INC, <br><br> Defendants. | Case NO. 1:14-2127-JMC <br><br> **COMPLAINT** <br> **(Jury Trial Requested)** |

COMES NOW Plaintiff, Gentry Technology of S.C., Inc., (hereafter, "GTSC"), by and through its undersigned counsel, and hereby alleges as the basis of its Complaint against Defendant Baptist Health South Florida, Inc., ("Baptist"):

**Jurisdiction and Venue**

1. GTSC is a corporation organized under the laws of South Carolina, in good standing, with its principal place of business in South Carolina. Robert Taylor is GTSC's president.

2. Baptist is a Florida Non Profit Corporation, whose principal place of business is located in Miami-Dade County, Florida.

3. The amount in controversy subject to this Complaint exceeds $75,000.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and South Carolina's long-arm statute, S.C. Code Ann. § 36-2-803.

6. As a direct and proximate result of Defendant's acts and omissions as stated herein, Plaintiff is entitled to damages in excess of $75,000.

**General Allegations**

7. Defendant contacted GTSC in South Carolina to discuss the provision of a digital satellite distribution system to Defendant.

8. Per Defendant's solicitation, on or about April 1, 2007, GTSC and Defendant entered into an agreement ("Agreement") whereby GTSC agreed to provide a digital satellite distribution system to Defendant at Defendant's location in Miami, Florida, so that Defendant could acquire, receive and distribute programming services at its hospital facilities. A copy of the Agreement is attached hereto as Exhibit A and incorporated herein.

9. On or about January 1, 2008, GTSC and Baptist entered into an amendment of the Agreement (Exhibit B).

10. The Agreement provided for a three (3) year term that shall be automatically renewed for successive three (3) year terms unless one of the parties gives the other party written notice of termination of the agreement upon the expiration of the then current term at least ninety (90) days prior to the expiration of such term. (Exhibit A, ¶ 6). The Agreement also provided it was effective retroactively as of October 1, 2006.

11. No notice of termination was given by either party within 90 days of October 1, 2009.

12. Because no notice of termination was given by either party within 90 days of October 1, 2009, the Agreement was automatically renewed for an additional 3 years, extending the term of expiration to October 1, 2012.

**COUNT I: BREACH OF CONTRACT**

13. Plaintiff repeats and realleges the above Paragraphs, to the extent not inconsistent, as if fully set forth herein.

14. Defendant entered into a binding, enforceable Agreement with GTSC.

15. Pursuant to the Agreement, GTSC had the sole and exclusive right to locate and operate the system on each property of Defendant and to expand services to inpatient units or buildings on each property or to any new or other hospital or similar facilities owned and operated by Defendant. (Exhibit A, ¶ 8, hereinafter referred to as the "Exclusivity Provision").

16. The Agreement provides that no modification of the Agreement would be valid except in writing signed by both parties. (Exhibit A, ¶ 17).

17. No modification of the Agreement was ever signed by both parties which would have deprived GTSC of the exclusive rights set forth in Paragraph 8 of the Agreement.

18. During the term of the Agreement, Defendant directly engaged the services of vendors other than GTSC in violation of the Exclusivity Provision.

19. During the term of the Agreement, Defendant changed the information on all the accounts GTSC managed pursuant to the Agreement, changing the user name and password from Robert Taylor, GTSC's president, to James Swindal, an area manager of Direct TV, another vendor.

20. During the term of the Agreement, Defendant, either directly or through its agents, employees, contractors, affiliates, or other individuals acting on Defendant's behalf connected to and used GTSC's equipment and services, taking digital satellite and cable services without reimbursing GTSC for the use of GTSC's equipment and services, all in direct violation of the Agreement.

21. On or about June 25, 2010, GTSC sent Defendant correspondence pursuant to paragraphs 13 and 15 of the Agreement advising Defendant that that GTSC never waived its exclusive rights set forth in paragraph 8 of the Agreement, and that GTSC deemed Defendant to be in material breach of the Exclusivity Provision for engaging the services of vendors other than

GTSC. In this correspondence GTSC afforded Defendant 30 days to cure the material breach. (Exhibit C).

22. Defendant never cured its breach of the Agreement.

23. Defendant materially breached the Agreement by:

    a. Contracting with one or more third parties for services and other matters which GTSC had the exclusive right to provide pursuant to the Agreement;

    b. Wrongfully terminating GTSC's agreement without proper notice or legal cause;

    c. Receiving digital satellite and cable services without proper payment therefore; and

    d. Otherwise failing to comply with the terms set forth in the Agreement.

24. Defendant's breach of the Agreement directly and proximately caused GTSC to suffer damages, including but not limited to compensatory damages, lost profits, and attorney's fees and costs.

**COUNT II: UNJUST ENRICHMENT**

25. Plaintiff repeats and realleges the above Paragraphs, to the extent not inconsistent, as if fully set forth herein.

26. GTSC conferred benefits upon Defendant including but not limited to:

    a. Defendant, either directly or through its agents, employees, contractors, affiliates, or other individuals acting on Defendant's behalf, used GTSC's equipment to obtain cable and digital satellite services without GTSC's authorization;

    b. At Defendant's request, GTSC spent substantial time, effort, and expense designing an electrical and cable system for West Kendall, one of Defendant's facilities.

4

    c. Defendant later used, in whole or in part, the design specifications created by GTSC for West Kendall;

    d. Defendant never reimbursed GTSC for the substantial time, effort, and expense incurred by GTSC to design the electrical and cable system for West Kendall;

    e. At Defendant's request, GTSC spent substantial time, effort, and expense providing equipment and services to design and provide additional digital services for Defendant at West Kendall and other of Defendant's facilities;

    f. Defendant never reimbursed GTSC for the substantial time, effort, and expense incurred by GTSC to design and provide additional digital services for Defendant.

27. Defendant realized and accepted the benefits conferred upon it by GTSC and retained such benefits without paying GTSC for these benefits.

28. Defendant's retention of the benefits conferred upon it by GTSC is inequitable and unjust without Defendant paying to GTSC the value of such benefits.

**WHEREFORE,** Plaintiff Gentry Technologies of S.C., Inc. respectfully requests this Court award:

    a) Compensatory damages;

    b) Actual damages;

    c) Lost profits;

    d) Punitive damages;

    e) Reasonable attorney's fees and costs; and

    f) Any other such and further alternative and additional relief as the Court and jury find fair, equitable, and just.

ROGERS, TOWNSEND & THOMAS, PC

*/s/ Roy Shelley/* IMAGED

June 2, 2014  _____
T. McROY SHELLEY, III, USDC Bar # 6681
ROBERT H. WILLIAMS, USDC Bar # 11235
220 Executive Center Dr.
Post Office Box 100200
Columbia, South Carolina 29202-3200
Phone: (803) 771-7900 Fax: (803) 343-7017
roy.shelley@rtt-law.com; Direct: 803-744-1818
robert.williams@rtt-law.com

6