# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Gentry Technology of S.C., Inc., | ) | Civil Action No. 1:14-cv-02127-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Baptist Health South Florida, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Gentry Technology of S.C., Inc. ("Gentry"), filed the instant action against Defendant Baptist Health South Florida, Inc. ("Baptist"), seeking to recover monetary damages for allegedly unreimbursed communications engineering services.[1]

This matter is before the court on Baptist's Renewed Motion for Summary Judgment (ECF No. 46) pursuant to Fed. R. Civ. P. 56, which Motion is opposed by Gentry (ECF No. 54).[2] For the reasons set forth below, the court **GRANTS** Baptist's Renewed Motion for Summary Judgment.

### I.    JURISDICTION AND VENUE

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the

---

[1] The court observes that this is the second action by Gentry against Baptist filed in the District of South Carolina. On May 20, 2011, Gentry filed a Complaint in Gentry Tech. of S.C., Inc. v. Baptist Health S. Fla., Inc., C/A No. 1:11-cv-01232-TLW (D.S.C. May 20, 2011) ("Gentry 1"), alleging breach of contract (Count 1) and unjust enrichment (Count 2). Id. at ECF No. 1. Thereafter, on May 21, 2014, the court granted Baptist's Motion to Dismiss (id. at ECF Nos. 71) and dismissed Gentry 1 without prejudice for lack of subject matter jurisdiction. Gentry Tech. of S.C., Inc. v. Baptist Health S. Fla., Inc., C/A No. 1:11-cv-01232-JMC, 2014 WL 2118096, at *3 (D.S.C. May 21, 2014)

[2] Additionally, there are pending before the court the following Motions regarding discovery: (1) Baptist's Motion to Strike Plaintiff's Expert Disclosures and Expert Witness (ECF No. 36), Baptist's Motion to Compel (ECF No. 41), and Gentry's Motion to Compel (ECF No. 48). Although Baptist's Motion to Strike was filed before any of the other Motions, the court shall address Baptist's Motion for Summary Judgment first as resolution of such Motion may moot all other pending matters.

1

action is between citizens of different states and the amount in controversy is in excess of $75,000.00.  (See ECF No. 5 at 1 ¶¶ 1–4.)  More specifically, Gentry is a South Carolina corporation with its principal place of business in South Carolina (ECF No. 5 at 1 ¶ 1); Baptist is a Florida non-profit corporation with its principal place of business in Miami-Dade County, Florida (id. at ¶ 2; see also ECF No. 22 at 1 ¶ 2); and the court is satisfied that the amount in controversy exceeds $75,000.00 (ECF No. 5 at 3–9).  The court is also satisfied that venue between Gentry and Baptist is still proper in the United States District Court for the District of South Carolina.  See Gentry Tech. of S.C., Inc. v. Baptist Health S. Fla., Inc., C/A No. 1:11-cv-01232-TLW, 2012 WL 847540, at *6 (D.S.C. Mar. 13, 2012) ("Baptist asserts this Court is an improper venue because the sole defendant has its principal place of business in Miami, Florida and the location of the alleged acts giving rise to the plaintiff's claims is Miami, Florida . . . . However, after careful consideration and based on the contacts described in connection with the Court's finding that sufficient minimum contacts exist, the Court concludes that a substantial part of the alleged events or omissions giving rise to . . . [Gentry's] claims occurred in South Carolina . . . . Therefore, this Court is a proper venue for this lawsuit.")

## II.   RELEVANT BACKGROUND TO PENDING MOTION

Gentry is a South Carolina corporation that provides communications engineering services.  (ECF No. 46-5 at 9:21–10:14.)  Robert Taylor ("Taylor") is Gentry's President, its sole beneficial owner, and its only employee.  (Id. at 8:11–17 & 10:15–19.)  Baptist "is a Florida not-for-profit healthcare corporation with its principal place of business in Miami-Dade County, Florida."  (ECF No. 46-6 at 2 ¶ 2.)

On April 1, 2007, the parties entered into a contract[3] whereby Gentry agreed to provide a

---

[3] The parties agreed to an amended contract on January 1, 2008.  (ECF No. 5 at 2 ¶ 9.)

digital satellite distribution system ("DSDS") to Baptist at certain facilities in Miami, Florida. (ECF No. 5 at 2 ¶ 8; ECF No. 46-5 at 65–75.) The alleged purpose of the DSDS was to allow Baptist to acquire, receive, and distribute programming services at its hospital facilities. (Id.) The parties' agreement obligated Gentry to perform "any and all services, required to design, install, implement, maintain, upgrade, and repair the [DSDS] system." (ECF No. 46-5 at 20:2–6 & 66 ¶ 5.) The equipment for the DSDS was referred to as "headends." (Id. at 25:3–11.) Gentry installed 6 headends at Baptist's facilities. (Id. at 22:4–10.)

The agreement of the parties was for a 3-year term, effective retroactively as of October 1, 2006, and allowed for renewal for 3 successive 3-year terms unless one of the parties provided written notice of termination 90 days prior to the expiration of each term. (ECF No. 5 at 2 ¶ 10.) The contract was automatically renewed on October 1, 2009. (Id. at ¶ 12.) Gentry contends that Baptist materially breached the contract subsequent to its renewal. (Id. at 3 ¶ 20–4 ¶ 23.)

Gentry commenced the instant action on June 2, 2014, alleging breach of contract (Count 1) and unjust enrichment (Count 2). (ECF No. 1 at 2–5.) Gentry filed a First Amended Complaint on June 4, 2014, which filing was permitted by Fed. R. Civ. P. 15(a)(1)(A). (ECF No. 5.) In the First Amended Complaint, Gentry alleged claims for breach of contract (Count 1); unjust enrichment, conversion, theft of services, and fraudulent concealment (Count 2); and civil conspiracy (Count 3). (Id. at 2–8.) On March 17, 2015, the court entered an Order that granted in part Baptist's Motion to Dismiss (ECF No. 7), denied Baptist's initial Motion for Summary Judgment (id.), and dismissed Gentry's claims for breach of contract, conversion, theft of services, and fraudulent concealment. (See ECF No. 21 at 24.) As a result, the parties proceeded to discovery on Gentry's remaining claims for unjust enrichment and civil conspiracy.

Thereafter, Baptist filed its Renewed Motion for Summary Judgment (ECF No. 46) on

3

September 28, 2015.  Gentry filed a Response in Opposition to Baptist's Renewed Motion for Summary Judgment (ECF No. 54) on October 19, 2015, to which Baptist filed a Reply in Support of Its Renewed Motion for Summary Judgment (ECF No. 62) on November 2, 2015.

On November 10, 2015, the court held a hearing (ECF No. 65) on the pending Motion.

### III.   LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law.  Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248–49 (1986).  A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party.  Newport News Holdings Corp. v. Virtual City Vision, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).  The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial.  Fed. R. Civ. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991).  All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  Anderson, 477 U.S. at 249.  "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion."  Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995).  A party cannot create a genuine issue

4

of material fact solely with conclusions in his or her own affidavit or deposition that are not based on personal knowledge.  See Latif v. The Community College of Baltimore, No. 08-2023, 2009 WL 4643890, at *2 (4th Cir. Dec. 9, 2009).

## IV.    ANALYSIS

A.    The Parties' Arguments

Baptist moves for summary judgment on Gentry's claims for unjust enrichment and civil conspiracy.[4]  First, Baptist argues that the unjust enrichment claim is barred by the applicable 3-year statute of limitations in South Carolina.  (ECF No. 46 at 18 (citing S.C. Code Ann. § 15-3-530(1)).)  Baptist further argues that "[e]ven if the Court were to reject Baptist's statute-of-limitations defense, summary judgment still would be proper on Gentry's unjust enrichment claim because (1) Gentry cannot pursue an unjust enrichment claim, as an express written contract exists concerning the relevant subject matter; (2) Gentry cannot use unjust enrichment to revive its time-barred breach-of-contract claim and (3) Baptist has not been unjustly enriched."  (Id. at 24–25.)  In summary, Baptist asserts that "it is undisputed that the parties had a valid, written contract" and it is further "undisputed that Baptist paid Gentry for all the work Gentry performed for Baptist."  (Id. at 25–26.)  Accordingly, Baptist contends it is entitled to summary judgment on Gentry's unjust enrichment claim.

---

[4] Before addressing the claims specifically, Baptist first addressed conflict of laws issues. Baptist stated its agreement with the court's prior observation (see ECF No. 21 at 21) that because Gentry invoked the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, the statute of limitations of the forum state, South Carolina, was applicable to Gentry's claims. (ECF No. 46 at 16.)  However, Baptist contends that Florida substantive law defines the elements of each claim because "the law of the place of performance governs" a quasi-contractual claim like unjust enrichment and for tort claims, South Carolina applies the doctrine of lex loci delicti, i.e., "the law of the place where the injury was inflicted."  (ECF No. 46 at 17 (citing, e.g., Baja, Inc. v. Auto. Testing & Dev. Serv., Inc., No. 8:13-CV-02057-GRA, 2014 WL 2155088, at *1 (D.S.C. May 22, 2014); Moore v. Novo Nordisk, Inc., Case No. CIV.A. 1:10-2182-MBS, 2011 WL 1085650, at *3 (D.S.C. Feb. 10, 2011)).)

As to Gentry's civil conspiracy claim, Baptist argues that the claim is time-barred because the applicable statute of limitations in South Carolina is 3 years. (Id. at 18 (citing S.C. Code Ann. § 15-3-530(5)) & 26.) Baptist further argues that the civil conspiracy claim fails under either (1) Florida law because the claim is not tied to a viable, legally-actionable underlying tort (id. at 27 (citing, e.g., U.S. ex rel. Crenshaw v. Degayner, 622 F. Supp. 2d 1258, 1284 (M.D. Fla. 2008) (granting summary judgment in favor of defendant on civil conspiracy claim because plaintiff failed to establish an underling tort))); or (2) South Carolina law because the claim lacks an allegation of the requisite special damages in that the First Amended Complaint "combines damages from all counts in a single paragraph" (quoting Benedict Coll. v. Nat'l Credit Sys., Inc., 735 S.E.2d 518, 522 (S.C. Ct. App. 2012) ("Thus, dismissal of a claim for civil conspiracy is appropriate when 'a plaintiff merely repeats the damages from another claim instead of specifically listing special damages as part of their civil conspiracy claim.'") (citation omitted)). (ECF No. 46 at 27–28.) Finally, Baptist argues that the civil conspiracy claim fails as a matter of law because there is no evidence in the record of an agreement between it and third parties to combine for the purpose of harming Gentry. (Id. at 29.)

Gentry opposes Baptist's Motion for Summary Judgment. First, Gentry asserts that one aspect of its unjust enrichment claim – Baptist's use of the headend system at West Kendall Hospital - was discovered less than 3 years prior to the filing of the Amended Complaint. (ECF No. 54 at 4.) As support for this position, Gentry offers the following explanation:

> Gentry provided two types of design services relevant to West Kendall; one for a headend system and one for the internal wiring ("electrical and cable system"). The headend system design was provided to Baptist but the internal wiring design was never completed. At the time of the original Complaint, Gentry sought compensation under an unjust enrichment claim for the many hours it had spent designing the internal wiring for West Kendall. The Amended Complaint includes a new claim for the use of Gentry's headend system at West Kendall. This use was discovered less than three years prior to the Amended Complaint.

6

(Id.)

As to its claim for civil conspiracy, Gentry asserts that it did not discover that Baptist "had entered into improper agreements which threatened this core business asset until Baptist's discovery responses in August 2012." (Id. at 7.) Specifically, Gentry asserts that Baptist made "improper agreements not only with digital signal providers (e.g., SEVA/DirectTV), but also with another company to provide and install digital system equipment in Baptist['s] facilities." (Id. at 8.) Gentry further asserts that documents received in discovery establish that Baptist was (1) "clearly negotiating with Bernhard [Communications, Inc.] (and perhaps others) in the Fall of 2009 to usurp Gentry's exclusive rights (beyond simply who provided the signals through its system)" and (2) "allowing a competitor of Gentry access to Gentry's proprietary headends, including access to the notebooks which contained everything necessary for a competitor to copy Gentry's design." (Id. at 9.) Gentry also asserts that Baptist's failure to respond to discovery regarding the identity and scope of work of other digital services providers has prevented Gentry from being able to name all of Baptist's alleged co-conspirators. (Id. at 11.)

In Reply, Baptist asserts that Gentry failed to address the following bases for summary judgment: "(1) that Gentry's unjust enrichment claim must fail because the parties have an express, written contract; (2) that Baptist has not been unjustly enriched because it paid Gentry for all services provided; (3) that Gentry's civil conspiracy claim fails under Florida law because Gentry has not proven a requisite underlying tort; or (4) that Gentry's civil conspiracy claim fails under South Carolina law because Gentry has not identified any requisite special damage." (ECF No. 62 at 2.) In addition, Baptist asserts that Gentry's claim that it discovered the West Kendall designs and Baptist's arrangement with Bernhard Communications in 2012 relies on an affidavit from Robert Taylor, Plaintiff's principal, which contradicts his deposition testimony.

7

(Id. at 3.)  In any event, Baptist argues that its relationship with Bernhard Communications did not involve any attempt to harm Plaintiff.  (Id. at 6.)

B.    The Court's Review

   1. *Choice of Substantive Law*

The court first addresses the choice of law issue.  "It is well settled that a federal court sitting in diversity [pursuant to 28 U.S.C. § 1332] applies the conflict of laws provisions of the forum state, here South Carolina, . . . ."  Thornton v. Cessna Aircraft Co., 886 F.2d 85, 87 (4th Cir. 1989) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., Inc., 313 U.S. 487, 496 (1941)).  "Under South Carolina law when an action is brought in one jurisdiction for a tort which caused injury in another jurisdiction, the substantive law is determined by the law of the state in which the injury occurred and procedural matters by the law of the forum."  Id. (citing, e.g., Algie v. Algie, 198 S.E.2d 529, 530 (S.C. 1973)).  "In contract actions, South Carolina courts apply the substantive law of the place where the contract at issue was formed . . . where a contract's formation, interpretation, or validity is at issue."  Witt v. Am. Trucking Ass'ns., Inc., 860 F. Supp. 295, 300 (D.S.C. 1994).  "However, where performance is at issue, . . . the law of the place of performance governs."  Id. (citation omitted).  Therefore, Florida's substantive law is applicable to Gentry's claims for unjust enrichment and civil conspiracy.

   2. *Statute of Limitations*

In its prior Order entered on March 17, 2015, the court found that South Carolina's 3-year statute of limitations under S.C. Code Ann. §§ 15-3-530(1), 530(5) (2014), was applicable to Gentry's claims.  (See ECF No. 21 at 21 (citing Fiberlink Commc'ns Corp. v. Magarity, 24 F. App'x 178, 181 (4th Cir. 2001) ("When exercising jurisdiction over claims arising under state law, federal courts look to the law of the forum state to determine the applicable statute of

limitations."); Coe v. Thermasol, Ltd., 785 F.2d 511, 514 n.5 (4th Cir. 1986) ("[F]ederal courts sitting in diversity apply the forum state's statute of limitations.")).) The court then dismissed Gentry's claims for breach of contract and conversion as time-barred, but did not dismiss Gentry's claims for unjust enrichment and civil conspiracy based on the allegations in the First Amended Complaint. (Id. at 23.) In its Renewed Motion for Summary Judgment, Baptist moves the court to find that Gentry's claims for unjust enrichment and civil conspiracy are time-barred pursuant to South Carolina's 3-year statute of limitations.

After viewing the evidence in the light most favorable to Gentry as is required under Fed. R. Civ. P. 56, the court is not persuaded that Gentry's claims are foreclosed based on evidence that its unjust enrichment claim was discovered in late 2011 or early 2012 and its civil conspiracy claim was discovered in August 2012. See, e.g., Manios v. Nelson, Mullins, Riley & Scarborough, LLP, 697 S.E.2d 644, 654 (S.C. Ct. App. 2010) ("If there is conflicting evidence as to whether a claimant knew or should have known he or she had a cause of action, the question is one for the jury."); Maher v. Tietex Corp., 500 S.E.2d 204, 207 (S.C. Ct. App. 1998) ("The jury must resolve conflicting evidence as to whether a claimant knew or should have known he had a cause of action.") (Citation omitted). As a result, the court denies Baptist's Renewed Motion for Summary Judgment on statute of limitations grounds.

   *3. Unjust Enrichment*

As the basis for Gentry's unjust enrichment claim, Taylor asserts that "in late 2011 or early 2012" he witnessed Baptist's unauthorized use of Gentry's proprietary external headend design specifications at Baptist's hospital facility at West Kendall, which equipment had to have been installed by either Baptist or another company hired by Baptist. (ECF No. 54-1 at 2 ¶¶ 5–6.) Moreover, Taylor contends that "Baptist . . . offered no compensation for this use of Gentry's

9

property[]" even though "[t]he design and engineering of a system for West Kendall (or any other Baptist facility) was for the installation of a system by Gentry, and Gentry was to be paid for the provision of digital signal services through that proprietary system pursuant to the existing contract with Baptist."  (Id. at ¶ 6.)

In its Renewed Motion for Summary Judgment, Baptist argues that Gentry's unjust enrichment claim is unavailable because "the parties' relationship is governed by an express, written contract."  (ECF No. 62 at 11.)  Baptist further argues that the unjust enrichment claim cannot be used to maintain Gentry's "previously-dismissed breach-of-contract claim . . . ."  (Id.)

Under Florida Law, "[t]he elements of an unjust enrichment claim are 'a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.'"  Fla. Power Corp. v. City of Winter Park, 887 So. 2d 1237, 1241 n.4 (Fla. 2004) (quoting Ruck Bros. Brick, Inc. v. Kellogg & Kimsey, Inc., 668 So. 2d 205, 207 (Fla. 2d Dist. Ct. App. 1995)).  However, an "unjust enrichment claim [is] precluded by the existence of an express contract between the parties concerning the same subject matter."  Diamond "S" Dev. Corp. v. Mercantile Bank, 989 So. 2d 696, 697 (Fla. 1st Dist. Ct. App. 2008).  In this regard, a party may plead in the alternative for relief under an express contract and for unjust enrichment, but the party's theory of unjust enrichment drops out under Florida law when an express contract is proven.  See ThunderWave, Inc. v. Carnival Corp., 954 F. Supp. 1562, 1565–66 (S.D. Fla. 1997) ("Under Florida law, a party may simultaneously allege the existence of . . . [a] contract and seek equitable relief under the theory of unjust enrichment . . . .  However, upon a showing that an express contract exists, the quasi-contract claim fails.") (citation omitted).

Upon review, the court observes that Gentry verified the validity of its contract with Baptist in its unjust enrichment evidentiary presentation. For example, Taylor expressly states that the contract required Baptist to pay Gentry for the DSDS at West Kendall. (See ECF No. 54-1 at 2 ¶ 6.) In consideration of the foregoing, the court finds that there is consensus in the record that the parties' contractual agreement governs the subject of their dispute. Therefore, because Gentry and Baptist were governed by an express contract covering the same subject matter as the unjust enrichment claim and because neither party contests the existence of the agreement, Baptist is entitled to summary judgment on Gentry's unjust enrichment claim.

*4. Civil Conspiracy*

Gentry alleges Baptist's involvement in a 2-pronged civil conspiracy that violated their contract: Prong 1 relates to Baptist's alleged entry into agreements with satellite signal providers such as SEVA/DirecTV; and Prong 2 involves Baptist's attempts to replace Gentry with other companies specializing in digital system equipment design and engineering like Bernhard Communications. (ECF No. 54 at 7.) As a basis for its Renewed Motion for Summary Judgment, Baptist asserts that it is entitled to summary judgment on Gentry's civil conspiracy claim because there is no requisite underlying tort. (ECF No. 62 at 12.)

Under Florida law, "[a] civil conspiracy requires (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." Raimi v. Furlong, 702 So. 2d 1273, 1284 (Fla. 3d Dist. Ct. App. 1997) (citation omitted). Additionally, "actionable civil conspiracy must be based on an existing independent wrong or tort that would constitute a valid cause of action if committed by one actor." Williams Elec. Co., Inc. v. Honeywell, Inc., 772 F. Supp. 1225, 1239 (N.D. Fla. 1991)

(citation omitted). Notwithstanding the foregoing, "Florida courts recognize an independent claim of civil conspiracy, i.e., without the need for an underlying tort, only when it is established that the conspirators had the power of coercion through numbers or their economic influence." Carles Constr., Inc. v. Travelers Cas. & Sur. Co. of Am., 56 F. Supp. 3d 1259, 1281 (S.D. Fla. 2014) (citation omitted).

Upon review, the court observes that Gentry's arguments and/or evidentiary submissions do not establish the tort that forms the basis for its civil conspiracy claim. Moreover, Gentry has not cited to case law suggesting that an unjust enrichment claim is an actionable underlying tort under Florida law. Contra Brandt v. Pub. Health Trust of Miami-Dade Cnty., No. 10-22376-CIV, 2010 WL 4062798, at *1 (S.D. Fla. Oct. 15, 2010) ("[An] unjust enrichment claim is neither a tort, nor one of the enumerated tort actions at law. Unjust enrichment is a quasi-contractual cause of action, not a tort.") Therefore, because there is neither evidence of a viable underlying tort against Baptist nor evidence of its power of coercion by numbers or economic influence, Gentry's civil conspiracy claim fails as a matter of law.

## V.     CONCLUSION

For the foregoing reasons, the court **GRANTS** Baptist Health South Florida, Inc.'s Renewed Motion for Summary Judgment (ECF No. 46). As a result of the aforementioned, the court **DENIES AS MOOT** Baptist's Motion to Strike Plaintiff's Expert Disclosures and Expert Witness (ECF No. 36), Baptist's Motion to Compel (ECF No. 41), and Gentry's Motion to Compel (ECF No. 48).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Court Judge

February 3, 2016
Columbia, South Carolina