# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Gentry Technology of S.C., Inc., | ) | Civil Action No. 1:14-cv-02127-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Baptist Health South Florida, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Gentry Technology of S.C., Inc. ("Gentry"), filed the instant action against Defendant Baptist Health South Florida, Inc. ("Baptist"), seeking to recover monetary damages for allegedly unreimbursed communications engineering services. (ECF No. 5.)

This matter is before the court on Gentry's Motion to Reconsider, Alter, or Amend Order and Judgment ("Motion for Reconsideration") pursuant to Rules 52 and 59 of the Federal Rules of Civil Procedure. (ECF No. 74.) Specifically, Gentry seeks reconsideration of the Order entered on February 3, 2016 (the "February Order"), in which the court granted Baptist's Motion for Summary Judgment (ECF No. 46) as to Gentry's claims for unjust enrichment and civil conspiracy and denied Gentry's Motion to Compel (ECF No. 48) 0063. (ECF No. 70 at 12.) Baptist opposes Gentry's Motion for Reconsideration asserting that the court's February Order is "entirely in accord with applicable law and the indisputable factual record." (ECF No. 77 at 1.)

For the reasons set forth below, the court **DENIES** Gentry's Motion for Reconsideration.

## I.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the action is between citizens of different states and the amount in controversy is in excess of $75,000.00. (See ECF No. 5 at 1 ¶¶ 1–4.) More specifically, Gentry is a South Carolina

corporation with its principal place of business in South Carolina (ECF No. 5 at 1 ¶ 1); Baptist is a Florida non-profit corporation with its principal place of business in Miami-Dade County, Florida (id. ¶ 2; see also ECF No. 22 at 1 ¶ 2); and the court is satisfied that the amount in controversy exceeds $75,000.00 (ECF No. 5 at 3–9).

## II.     RELEVANT BACKGROUND TO PENDING MOTIONS

Gentry is a South Carolina corporation that provides communications engineering services. (ECF No. 46-5 at 9:21–10:14.) Robert Taylor ("Taylor") is Gentry's President, its sole beneficial owner, and its only employee. (Id. at 8:11–17 & 10:15–19.) Baptist "is a Florida not-for-profit healthcare corporation with its principal place of business in Miami-Dade County, Florida." (ECF No. 46-6 at 2 ¶ 2.)

On April 1, 2007, the parties entered into a contract[1] whereby Gentry agreed to provide a digital satellite distribution system ("DSDS") to Baptist at certain facilities in Miami, Florida. (ECF No. 5 at 2 ¶ 8; ECF No. 46-5 at 65–75.) The alleged purpose of the DSDS was to allow Baptist to acquire, receive, and distribute programming services at its hospital facilities. (Id.) The parties' agreement obligated Gentry to perform "any and all services, required to design, install, implement, maintain, upgrade, and repair the [DSDS] system." (ECF No. 46-5 at 20:2–6 & 66 ¶ 5.) The equipment for the DSDS was referred to as "headends." (Id. at 25:3–11.) Gentry installed 6 headends at Baptist's facilities. (Id. at 22:4–10.)

The agreement of the parties was for a 3-year term, effective retroactively as of October 1, 2006, and allowed for renewal for 3 successive 3-year terms unless one of the parties provided written notice of termination 90 days prior to the expiration of each term. (ECF No. 5 at 2 ¶ 10.) The contract was automatically renewed on October 1, 2009. (Id. at ¶ 12.) Gentry contends that Baptist materially breached the contract subsequent to its renewal. (Id. at 3 ¶ 20–4 ¶ 23.)

---

[1] The parties agreed to an amended contract on January 1, 2008. (ECF No. 5 at 2 ¶ 9.)

Gentry commenced the instant action on June 2, 2014, alleging breach of contract (Count 1) and unjust enrichment (Count 2).  (ECF No. 1 at 2–5.)  Gentry filed a First Amended Complaint on June 4, 2014, which filing was permitted by Fed. R. Civ. P. 15(a)(1)(A).  (ECF No. 5.)  In the First Amended Complaint, Gentry alleged claims for breach of contract (Count 1); unjust enrichment, conversion, theft of services, and fraudulent concealment (Count 2); and civil conspiracy (Count 3).  (Id. at 2–8.)  On March 17, 2015, the court entered an Order that granted in part Baptist's Motion to Dismiss (ECF No. 7), denied Baptist's initial Motion for Summary Judgment (id.), and dismissed Gentry's claims for breach of contract, conversion, theft of services, and fraudulent concealment.  (See ECF No. 21 at 24.)  As a result, the parties proceeded to discovery on Gentry's remaining claims for unjust enrichment and civil conspiracy.

Thereafter, Baptist filed its Renewed Motion for Summary Judgment (ECF No. 46) on September 28, 2015.  Gentry filed a Response in Opposition to Baptist's Renewed Motion for Summary Judgment (ECF No. 54) on October 19, 2015, to which Baptist filed a Reply in Support of Its Renewed Motion for Summary Judgment (ECF No. 62) on November 2, 2015.  After the court entered the February Order, Gentry moved for reconsideration on March 1, 2016.  (ECF No. 74.)

### III.     LEGAL STANDARD AND ANALYSIS

In the February Order, the court made the following observations in granting Defendant's Motion for Summary Judgment (ECF No. 46):

> Upon review, the court observes that Gentry verified the validity of its contract with Baptist in its unjust enrichment evidentiary presentation.  For example, Taylor expressly states that the contract required Baptist to pay Gentry for the DSDS at West Kendall.  (See ECF No. 54-1 at 2 ¶ 6.)  In consideration of the foregoing, the court finds that there is consensus in the record that the parties' contractual agreement governs the subject of their dispute.  Therefore, because Gentry and Baptist were governed by an express contract covering the same subject matter as the unjust enrichment claim and because neither party contests

3

> the existence of the agreement, Baptist is entitled to summary judgment on Gentry's unjust enrichment claim.
>
> Upon review, the court observes that Gentry's arguments and/or evidentiary submissions do not establish the tort that forms the basis for its civil conspiracy claim. Moreover, Gentry has not cited to case law suggesting that an unjust enrichment claim is an actionable underlying tort under Florida law. Contra Brandt v. Pub. Health Trust of Miami-Dade Cnty., No. 10-22376-CIV, 2010 WL 4062798, at *1 (S.D. Fla. Oct. 15, 2010) ("[An] unjust enrichment claim is neither a tort, nor one of the enumerated tort actions at law. Unjust enrichment is a quasi-contractual cause of action, not a tort.") Therefore, because there is neither evidence of a viable underlying tort against Baptist nor evidence of its power of coercion by numbers or economic influence, Gentry's civil conspiracy claim fails as a matter of law.

(ECF No. 70 at 11 & 12.) Gentry seeks reconsideration of the foregoing pursuant to Rules[2] 52 and 59.

A.     Applicable Standard under Rule 59(e) [3]

Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010); see also Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. Loren Data Corp. v. GXS, Inc., 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." Lyles v. Reynolds, C/A No.

---

[2] The court observes that "rule" refers to the Federal Rules of Civil Procedure.
[3] The court observes that Rule 52(b) and subparts (a)–(d) of Rule 59 are inapplicable because this action did not go to trial. See Fed. R. Civ. P. 52, 59.

4

4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008)).

B.     The Parties' Arguments

In its Motion for Reconsideration, Gentry argues the court erred in finding that "the unjust enrichment claim could not be maintained under Florida law where an express contract covers the claim" because the parties' agreement did not cover Baptist's unauthorized installation of Gentry's proprietary headend system at West Kendall. (ECF No. 74 at 2–3.) As to the civil conspiracy claim, Gentry disagrees with the court's conclusion that it failed to "establish the tort that forms the basis" for that cause of action. (Id. at 3.) In this regard, Gentry asserts that "[b]oth the breach of contract and unauthorized access (and duplication) of Gentry's proprietary system are 'wrongs' which should support the conspiracy claim." (Id.)

Baptist opposes Gentry's Motion on the basis that (1) "the Motion improperly raises new arguments that Gentry never raised prior to entry of summary judgment" and (2) "the Court's prior orders are entirely in accord with applicable law and the indisputable factual record." (ECF No. 77 at 1.) As support for its position, Baptist argues that Gentry's claim for "duplication" and/or "installation" at West Kendall clearly falls within the purview of the parties' agreement based on an exclusivity provision that "gave Gentry 'the sole and exclusive rights to locate and operate the System on each Property and for any expansion of in-patient units or buildings on each Property or any new or other hospitals or similar facilities owned and operated by [Baptist].'" (Id. at 8 (citing ECF No. 46-5 at 67 ¶ 8).) Moreover, Baptist argues that Gentry's civil conspiracy claim fails as a matter of law because its claims for breach of contract and unjust enrichment are not the requisite actionable underlying torts or wrongs needed to sustain a civil conspiracy cause of action. (Id. at 10.)

C.  The Court's Review

Although not expressly stated in the Motion, Gentry's arguments clearly establish that it is seeking reconsideration of the February Order on the basis that the court's findings are either clear error of law or result in a manifest injustice to Gentry.  Clear error occurs when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336 (4th Cir. 2008) (internal quotation marks omitted); see also United States v. Martinez–Melgar, 591 F.3d 733, 738 (4th Cir. 2010) ("[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole.") (internal quotation marks omitted); Miller v. Mercy Hosp., Inc., 720 F.2d 356, 361 n.5 (4th Cir. 1983) (explaining that a district court's factual finding is clearly erroneous if "the finding is against the great preponderance of the evidence") (internal quotation marks omitted).  Manifest injustice occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ."  Campero USA Corp. v. ADS Foodservice, LLC, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).

In the February Order (ECF No. 70), the court cited to appropriate substantive Florida law and provided reasoning to support its decision to grant Baptist's Motion for Summary Judgment as to Gentry's claims for civil conspiracy and unjust enrichment.  After considering the entirety of Gentry's complaints, objections, statements of error and/or manifest injustice, the court finds that reconsideration of the February Order is not appropriate.  The denial of reconsideration is appropriate on one hand because Gentry fails to cite any legal support for its assertion that "[b]oth the breach of contract and unauthorized access (and duplication) of Gentry's proprietary system are 'wrongs' which should support the conspiracy claim."  (See ECF No. 74 at 3.)  On the other hand, the court denies reconsideration of its decision on the unjust

enrichment claim because the consensus in the record clearly demonstrated that the parties' agreement governed the dispute including Gentry's issue with the installation at West Kendall. (See ECF No. 54-1 at 2 ¶ 6 (Taylor expressly states in his affidavit that "[t]he design and engineering of a system for West Kendall (or any other Baptist facility) was for the installation of a system by Gentry, and Gentry was to be paid for the provision of digital signal services through that proprietary system pursuant to the existing contract with Baptist. . . .[and] Gentry did provide the design of a headend system for West Kendall.").)  Therefore, the court concludes that its entry of the February Order did not result in the commission of either clear error or manifest injustice.  Accordingly, the court denies Gentry's Motion for Reconsideration.

## IV.     CONCLUSION

For the reasons set forth above, the court hereby **DENIES** Gentry Technology of S.C., Inc.'s Motion to Reconsider, Alter, or Amend Order and Judgment.  (ECF No. 74.)  As a result of the foregoing, the court further **DENIES** reconsideration of its determination of mootness as to Gentry's Motion to Compel (ECF No. 48).  (See ECF No. 70 at 12.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 19, 2017
Columbia, South Carolina